UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**REVEREND BECK,**

             Plaintiff,

      v.

**JOAN FABIAN**, as the Commissioner of
Corrections for the State of Minnesota;
**LYNN DINGLE**, as the Warden of the
Minnesota Correctional Facility - Oak Park
Heights; **LCIE STEVENSON**, as a program
director at the Minnesota Correctional Facility -
Oak Park Heights; **Dr. STEPHEN CRAANE**, of
Correctional Medical Services, Inc.; **RN
KATHY REID**, of Correctional Medical
Services, Inc.; **Lt. MARK EHLENZ**, of the
Minnesota Correctional Facility - Oak Park
Heights; and **DENISE EHLENZ**, of Minnesota
Correctional Industries;

             Defendants.

Civil File No. 05-6 (RHK/FLN)

**REPORT AND
RECOMMENDATION**

---

        Plaintiff, a prisoner at the Minnesota Correctional Facility at Rush City, Minnesota, has filed

a complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.)

The matter has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.

Plaintiff has since made multiple motions including Motion to Appoint Counsel and Motion for

Temporary Restraining Order [#3] and a Second Motion to Appointment of Counsel, Second Motion

for Recusal, and Motion for Temporary Restraining Order [#18].  This Court has issued an Order

denying Plaintiff's Motion to Appoint Counsel [#7 re. #3].  As such the remaining Motions at issue

are, Plaintiff's first Motion for Temporary Restraining Order [#3], Plaintiff's Second Motion to

Appointment of Counsel [#18], Plaintiff's Second Motion for Recusal [#18], and Plaintiff's second

Motion for Temporary Restraining Order [#18].[1]  For the reasons discussed below, the Court finds that Plaintiff's Motions should be Denied.

## I. BACKGROUND

Plaintiff Beck alleges violation of his Civil Rights under 42 USC § 1983.  Plaintiff's Complaint involves general allegations of violations of his constitutional rights under the Eighth Amendment against various parties employed by or involved with the Minnesota Department of Corrections.  The seven Defendants include: Joan Fabian, as the Commissioner of Corrections for the State of Minnesota; Lynn Dingle, as the Warden of the Minnesota Correctional Facility - Oak Park Heights; Lcie Stevenson, as a program director at the Minnesota Correctional Facility - Oak Park Heights; Dr. Stephen Craane, of Correctional Medical Services, Inc.; Kathy Reid, RN, of Correctional Medical Services, Inc.; Lt. Mark Ehlenz, of the Minnesota Correctional Facility - Oak Park Heights; and Denise Ehlenz, of Minnesota Correctional Industries.

Specifically, Plaintiff alleges that Defendants Lcie Stevenson, Dr. Stephen Craane, and RN Kathy Reid, over-rode a neurologists prior assessment of Plaintiff's physical limitations resulting in Plaintiff's continued performance of physical labor despite the recommendation of the qualified neurologist.  Plaintiff contends this dismissal of outside physician orders constitutes a violation of his Eighth Amendment rights.  Plaintiff argues that Defendants Lcie Stevenson and Lt. Mark Ehlenz ordered Plaintiff to perform physical labor in retaliation for Plaintiff's prior suits.  Plaintiff also alleges that Lt. Mark Ehlenz has falsified minutes of an American with Disabilities meeting to conceal a conspiracy with Defendants Lynn Dingle and Lcie Stevenson, and that Defendant Denise

---

[1]  This R&R will only address Plaintiff's Motions for Temporary Restraining Order [#3 and #18].  Plaintiff's Second Motions for Appointment of Counsel and Recusals [#18] will be addressed in a separate Order.

Ehlenz has ignored medical authorizations regarding Plaintiff's treatment and has conspired to withhold portions of Plaintiff's wages to restrict his access to the courts. Plaintiff alleges that Defendants Joan Fabian and Lynn Dingle have refused to intervene on his behalf and have restricted Plaintiff's access to the courts in violation of his Eighth and First Amendment rights. Furthermore, Plaintiff claims Defendants have prevented him from being seen by a qualified neurologist as was recommended years ago.

Plaintiff filed this Complaint on January 4, 2005. On January 12, 2005, Plaintiff filed a Motion to Appoint Counsel and one of the current Motions for Temporary Restraining Order [#3]. The Court denied Plaintiff's Motion to Appoint Counsel in an Order issued March 14, 2005 [#7 re. #3]. On May 10, 2005, Plaintiff filed a Motion for Recusals of the undersigned Magistrate Judge as well as District Court Judge Kyle [#13]. This Court Denied Plaintiff's Motion for Recusals [#19 re. #13] on July 6, 2005. On June 16, 2005, Plaintiff had already filed a Second Motion for Appointment of Counsel, a Second Motion for Recusal, and another Motion for a Temporary Restraining Order [#18]. As such, the remaining Motions to be addressed at this time include: Plaintiff's first Motion for a Temporary Restraining Order [#3]; Plaintiff's Second motion for Appointment of Counsel, Plaintiff's Second Motion for Recusal, and Plaintiff's second Motion for Temporary Restraining Order.[2] For the following reasons, this Court holds that Plaintiff's Motions should be Denied.

---

[2] The portions of Plaintiff's Motion [#18] that seek appointment of counsel and recusal are addressed in a separate Order.

## II.  DISCUSSION

**Plaintiff's Motions for Temporary Restraining Order [#3 and #18] Should Both be Denied.**

On January 12, 2005, Plaintiff sought a Temporary Restraining Order "as provided for by Fed.R.Civ.P 65(b)(1); as set forth in original complaint." <u>See</u> [#3].  On June 16, 2005, Plaintiff filed a second Motion for Temporary Restraining Order referencing the first.  <u>See</u> [#18].  Neither of the Motions set forth the basis for granting the Restraining Orders.  The first Motion, however, references the Complaint which requests an Order protecting Plaintiff from further Eighth Amendment violations.

In order to support the entry of a preliminary injunction or a temporary restraining order, the movant must establish the following factors: (1) existence of irreparable harm, (2) a probability of success on the merits, (3) that the threat of harm to the movant is greater than the threat of harm to the opposing party, and (4) that the public interest will not be disserved by granting the temporary restraining order.  <u>Dataphase Sys., Inc. v. C L Sys., Inc.</u>, 640 F.2d 109, 114 (8th Cir. 1981); <u>United States v. Phillips</u>, 527 F. Supp. 1340, 1343 (N.D. Ill. 1981).  The threshold inquiry is whether the movant has shown the threat of irreparable injury.  <u>Gelco Corp. v. Coniston Partners</u>, 811 F.2d 414, 418 (8th Cir. 1987).  While deprivation of a constitutional right in itself, may constitute irreparable harm, the mere presence of a constitutional or statutory question in a case is not a sufficient underpinning for a finding of irreparable harm.  <u>Human Resources Management, Inc. v. Weaver</u>, 442 F. Supp. 241 (D.D.C. 1977).  It is only where an asserted injury includes loss of substantive constitutional rights, the prescribed administrative remedy is inadequate to protect those rights, and the threatened loss from delay would cause irreparable harm that interim judicial relief is warranted.  <u>Id.</u> at 249.

4

In this case, Plaintiff has failed to establish the required factors to obtain a Temporary Restraining Order. This Court finds that Plaintiff is not likely to succeed on the merits of his case. Furthermore, Plaintiff has not shown the necessary threat of irreparable injury to warrant judicial relief. As such, Plaintiff's two Motions for a Temporary Restraining Order [#3 and #18] should both be Denied.

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS RECOMMENDED** that Plaintiff's Motions for Temporary Restraining Orders [#3 and #18] should both be **DENIED** as follows:

1. Plaintiff's Motion for a Temporary Restraining Order [#3] should be **DENIED**; and

2. In so far as Plaintiff's Consolidated Notice of Discovery Dispute, and Second Motion for Appointment of Counsel, and Second Motion for Recusals, and TRO [#18] seeks a Temporary Restraining Order, the Motion should be **DENIED**.

DATED: August 11, 2005.                          s/ *Franklin L. Noel*
                                                 FRANKLIN L. NOEL
                                                 United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 30, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.