UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BECK,

    Plaintiff-Appellant,

v.

JOAN FABIAN, LYNN DINGLE,
LCIE STEVENSON, DR. STEVEN CRANE,
KATHY REID, MARK EHLENZ, and
DENISE EHLENZ,

    Defendant-Respondents.

Civil No. 05-6 (RHK/FLN)

**ORDER**

    This matter is presently before the Court on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 60.) For the reasons discussed below, the Court concludes that (a) pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff should be required to pay an initial partial filing fee in the amount of $13.07, and (b) Plaintiff's IFP application should be denied.

    Plaintiff is a prisoner of the State of Minnesota who is attempting to appeal an order that was entered in this matter by Magistrate Judge Franklin L. Noel on January 3, 2006. (Docket No. 54.) That order resolved several pending motions involving pre-trial matters, including Plaintiff's request for joinder of additional parties and "consolidation," Plaintiff's motion for appointment of counsel, and some discovery motions brought by Defendants. Plaintiff did not appeal the Magistrate Judge's order to the undersigned presiding District Court Judge, and the time for bringing such an appeal has now expired. (See Local Rule 72.1(b), (appeals from a magistrate judge's order on a nondispositive pretrial matter, must be taken to the District Court Judge within ten days).) However, on January 10, 2006, Plaintiff filed a "Notice of Appeal," (Docket No. 58), by which he purportedly is seeking to have the Eighth Circuit Court of Appeals review

Magistrate Judge Noel's order of January 3, 2006. Plaintiff's Notice of Appeal was accompanied by the IFP application that is now before the Court.

Because Plaintiff is a prisoner, his IFP application is governed by the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA requires all prisoner litigants to pay the full $255 filing fee for an appeal, regardless of their financial circumstances. 28 U.S.C. § 1915(b)(1); Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997) ("the assessment of appellate filing fees occurs upon the filing of a notice of appeal or the filing of a motion to proceed in forma pauperis with this court pursuant to Federal Rule of Appellate Procedure 24(a), and fixes responsibility for payment sooner or later of the fees in full"). See also In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997). However, a prisoner who is financially eligible for IFP status under 28 U.S.C. § 1915 will be excused from pre-paying the full $255 filing fee as a condition to filing an appeal, and will instead be required to pay the filing fee in installments. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").

When a prisoner applies for IFP status on appeal, the Court must first determine whether the prisoner is "destitute;" i.e., whether he or she has "no assets and no means" by which to pay even a partial filing fee. 28 U.S.C. § 1915(b)(4). If the prisoner is found to be wholly destitute, then he or she will not have to pre-pay any part of the filing fee. If the prisoner is found not to be wholly destitute, then the Court must calculate and assess an "initial partial filing fee" pursuant to § 1915(b)(1). Henderson, 129 F.3d at 485. The remaining balance of the $255 filing fee must be paid in installments pursuant to § 1915(b)(2).

A prisoner's IFP application will be denied regardless of his financial circumstances if the Court

determines that his appeal is not taken "in good faith." 28 U.S.C. §§ 1915(a)(3) and 1915(e)(2); Fed. R. App. P. 24(a)(3); see also Henderson, 129 F.3d at 485 ("District courts should continue to certify pursuant to § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith"). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the issues to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, the Court finds that Plaintiff is not wholly destitute, because his IFP application shows that he has recently held a prison job, and he has been able to make deposits to his prison trust account. The average monthly deposit to his prison trust account during the past six months was $65.35, which is greater than his average monthly balance of $1.40 during the same period. (See "Certificate" portion of Plaintiff's IFP application; [Docket No. 60].) Therefore, Plaintiff's initial partial filing fee will be twenty percent of the former amount, (i.e., 20% of the monthly deposit amount), which is $13.07, ($65.35 x 20% = $13.07). That amount is calculated to be, and assessed as, Plaintiff's initial partial filing fee, pursuant to § 1915(b)(1) and Henderson v. Norris. The remaining balance of the $255 filing fee will have to be paid in installments as provided by 28 U.S.C. § 1915(b)(2).

The Court further finds, however, that even though Plaintiff is financially eligible for IFP status, and even though he will be required to pay the appellate filing fee in the manner prescribed by § 1915(b), his

3

IFP application still must be denied, because his appeal is not taken in good faith. The appeal is not taken in good faith, because Plaintiff is attempting to appeal a non-appealable order.

As a general rule, only final judgments are appealable. 28 U.S.C. § 1291.[1] To date, no final judgment has been entered in Plaintiff's case. The order from which Plaintiff is presently attempting to appeal is a magistrate judge's ruling on a number nondispositive pre-trial matters. The Magistrate Judge's order obviously is not a final appealable order, as that order could have been appealed to the undersigned presiding District Court Judge. See Ervin v. Roper, 153 Fed.Appx. 402, 403 (8th Cir. 2005) (per curiam) (unpublished opinion) (where appellant "did not appeal the magistrate judge's decision to the district court, there is no final judgment by the district court, and this Court lacks jurisdiction to hear the appeal"); see also Daley v. Marriott Int'l, Inc., 415 F.3d 889, 893 n. 9 (8th Cir.2005) ("[W]hen ... a litigant could have tested a magistrate's ruling by bringing it before the district judge, but failed to do so within the allotted ten-day period [in Rule 72(a)], he [or she] cannot later leapfrog the trial court and appeal the ruling directly to the court of appeals.") (citations omitted).[2]

In sum, Plaintiff has no arguable basis in fact or law for his present appeal, because he is attempting

---

[1] The purpose of the "final judgment rule" is to avoid piecemeal appeals. 19 James Wm. Moore et al., Moore's Federal Practice, ¶ 202.03[1] (3d ed. 1999). While interlocutory appeals can be taken under certain special circumstances, (id. at ¶ 202.05[1]; 28 U.S.C. § 1292), none of those circumstances is present here.

[2] The Court further notes that even if Plaintiff had appealed the Magistrate Judge's ruling to the presiding District Court Judge, and even if that appeal had been denied, Plaintiff still would not have any non-frivolous grounds for appealing to the Eighth Circuit Court of Appeals, because the rulings at issue pertain only to nondispositive pre-trial matters – i.e., joinder issues, consolidation issues, discovery issues and appointment of counsel. See e.g., Prop-Jets, Inc. v. Chandler, 575 F.2d 1322, 1325 (10th Cir. 1978) (joinder order held to be "interlocutory and non-appealable"). Therefore, even if the rulings at issue had been made by the undersigned District Court Judge, rather than the Magistrate Judge, the rulings still would be non-final, and thus non-appealable, orders.

to appeal a non-appealable order. Thus, the Court concludes that Plaintiff's present appeal is frivolous and not taken in good faith. Plaintiff's application for leave to proceed IFP on appeal will therefore be denied.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

(1) Pursuant to 28 U.S.C. § 1915(b)(1) and <u>Henderson v. Norris</u>, 129 F.3d at 485, Plaintiff's initial partial filing fee for the appeal in this matter is calculated and assessed to be $13.07; and

(2) Plaintiff's application to proceed <u>in forma pauperis</u> on appeal, (Docket No. 60), is DENIED.

Dated: March 22, 2006

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge
