# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Beck,** | **Civil No. 05-6 (MJD-JJG)** |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Joan Fabian, et al.,** | |
| Defendants. | |

This matter is before the undersigned on the defendants' motion for discovery sanctions (Doc. No. 81). Plaintiff Beck is proceeding pro se. Defendant Steven Craane is represented by John B. Casserly, Esq. Defendants Joan Fabian, Lynn Dingle, Lcie Stevenson, Kathy Reid, Mark Ehlenz, and Denise Ehlenz are represented by Kari Jo Ferguson, Assistant Minnesota Attorney General. The motion is referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

Mr. Beck (Beck) brings action under 42 U.S.C. § 1983, in connection with his incarceration at a Minnesota state prison in Oak Park Heights. He claims that the defendants violated the Eighth Amendment by providing inadequate conditions for confinement and deliberately disregarding his medical needs.

Beck alleges that the defendants failed to provide reasonable accommodations for his spinal injury. He contends that the defendants disregarded the recommendations of a neurologist, and by requiring him to engage certain activities, the defendants inflict pain and aggravate the spinal injury. Beck also contends that the defendants' actions are retaliation for prior litigation and are motivated by racial bias. (Compl. at 5-7.)

**A.**

A pretrial scheduling order issued in this matter on June 8, 2005. It required nondispositive motions to be filed on or before December 1, 2005 and dispositive motions to be filed on or before January 1, 2005.

The defendants, with the exception of Dr. Craane (Craane), served Beck with interrogatories and requests for production on October 28, 2005. Though this discovery requested information on a broad range of topics, it particularly asked that Beck provide answers and documentation about the neurologist who recommended limits on Beck's activities. (Aff. of K. Ferguson, Mar. 24, 2006, Exh. G.)

Beck initially responded with a letter on November 1, 2005. He stated that he lacked the documents needed to answer discovery and that he should not be required to pay for copying these documents. The defendants responded, by a letter on November 14, 2005, that Beck would be given access to his prison medical file and that copying would be free of charge. Replying through a letter on November 15, 2005, Beck rejected this offer. He further stated that, because the defendants had access to his prison medical file, they possessed all documents in support of his claims. (Aff. of K. Ferguson, Dec. 1, 2005, Exhs. C, D, E.)

Because Beck did not respond to discovery, the defendants moved to compel on December 1, 2006. They simultaneously moved to modify the scheduling order, asking that dispositive motions be permitted until after Beck complied with discovery. These motions were granted in an order by Judge Noel on January 3, 2006. This order required Beck to respond to discovery within twenty days. It also required the defendants to provide Beck access to his prison medical file and to copy responsive documents free

of charge. The deadline for dispositive motions was extended until "30 days after Plaintiff serves his responses to Defendants' pending discovery requests."

By a letter on January 6, 2006, the defendants once again offered to provide Beck access to his prison medical records and to permit copying free of charge. (Aff. of K. Ferguson, Mar. 24, 2006, Exh. A.) Beck refused this letter. (Aff. of R. Lopez, Mar. 24, 2006, at 1-2.) But on January 7, 2006, Beck sent a kite to Lori Korts, a prison case worker, asking for the same relief. Although the record does not show precisely when Korts responded, she told Beck that according to prison policy, he was required to pay for copying costs. Korts later stated that she did not know about the January 3 order. (Aff. of L. Korts, Mar. 23, 2006, at 1-2.)

The defendants sent another letter to Beck on January 9, 2006, that restated their prior offers to supply access to the prison medical records. This letter further indicated that Beck would be given access to these records on January 17, 2006. (Aff. of K. Ferguson, Mar. 24, 2006, Exh. C.) When that day arrived, Beck refused to review the records. (Aff. of M. Hageman, Mar. 27, 2006, at 1-2.) The defendants sent one more letter to Beck on January 20, 2006, acknowledging Korts' mistake and asking Beck to make arrangements to review his medical records. (Aff. of K. Ferguson, Mar. 24, 2006, Exh. C.) Beck did not make these arrangements or supply further responses to discovery.

**B.**

The defendants, again except for Craane, filed their motion for discovery sanctions on March 27, 2006. They assert that the primary dispute in this action is whether a neurologist recommended limits on Beck's activities. Because Beck has refused to supply discovery about this neurologist or the purported

3

recommendations, they argue that it is not possible to prepare a defense. The defendants, therefore, seek to have this matter dismissed with prejudice.

Rule 36(b) provides that, where a party is ordered to respond to discovery but fails to do so, that party is subject to sanctions as are just. *Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000). For dismissal to be considered as a sanction, there must be a party who willfully violates a discovery order, to the prejudice of an adverse party. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 817 (8th Cir. 2001). If a willful violation means that an adverse party cannot prepare a defense, there is sufficient prejudice to order dismissal with prejudice. *Hairston v. Alert Safety Light Prods., Inc.*, 307 F.3d 717, 719 (8th Cir. 2002).

By an order on January 3, 2006, Beck was required to respond to discovery. In the kite that Beck sent on January 6, 2006, he acknowledged he had to review his records and submit discovery pursuant to the order. Working with prison staff, the defendants made reasonable arrangements to give Beck the opportunity to respond to discovery. Yet Beck willfully refused to review his records on January 17, 2006. The defendants asked Beck, by their letter on January 20, 2006, to reconsider his decision and make new arrangements. Beck has not done so and, in his memorandum opposing the motion for sanctions, offers no proper excuse for his noncompliance with discovery.

The central dispute here is whether the defendants disregarded limits that a neurologist placed on Beck's activities. In the absence of evidence about this neurologist or the basis for the limits, the defendants cannot prepare a defense in this action. Thus dismissal with prejudice is the appropriate sanction. Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

    1.       The defendants' motion for discovery sanctions (Doc. No. 81) be **GRANTED.**

    2.       This matter be **DISMISSED WITH PREJUDICE.**

Dated this 18th day of July, 2006.                s/Jeanne J. Graham

                                                JEANNE J. GRAHAM
                                                United States Magistrate Judge

**NOTICE**

      Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by August 4, 2006. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.